UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS HARDEN,

    Plaintiff,

v.

FNU CROSS, FNU GORDON,
JOLE SALINAS, FNU HORTON,
DR. TOLSMA, FNU KASZEI,
DR. CLARK, FNU TAYLOR, and
GAYLE LEACH,

    Defendants.
_____/

CASE NO. 2:19-cv-11753
HON. DENISE PAGE HOOD

## ORDER DISMISSING PLAINTIFF'S CLAIM UNDER THE AMERICANS WITH DISABILITIES ACT

### I. Introduction

This matter has come before the Court on a *pro se* complaint under 42 U.S.C. §§ 1983, 1985, and 1986, and Title II of the Americans with Disabilities Act (ADA). Plaintiff Travis Harden is an African American prisoner currently housed at the Macomb Correctional Facility in Lenox Township, Michigan.

The defendants are or were employed by the Michigan Department of Corrections (MDOC) at either the Cotton Correctional Facility in Jackson, Michigan or the Macomb Correctional Facility in Lenox Township. At the Cotton Facility, defendant Cross is a corrections officer, defendant Gordon is a corrections sergeant,

1

Joe Salinas in a hearings investigator, Ms. Horton is a corrections officer, Dr. Tolsma is a psychiatrist in MDOC's mental health program, and Mr. Kaszei is a case manager in the mental health program. The remaining defendants are or were employed at the Macomb Correctional Facility. Dr. Clark is a psychiatrist, A. Taylor is a social worker, and Gayle Leach is the former librarian at the facility.

Plaintiff alleges in his complaint that, at all relevant times, he was receiving treatment through MDOC's mental health program. Plaintiff further alleges that, on July 18, 2017, after correctional officers made their rounds at the Cotton Correctional Facility, he asked Corrections Officer Cross for permission to use the bathroom. Cross denied his request, and a corrections official named Morris refused to discuss the matter with Plaintiff. Plaintiff then filed a grievance against Cross.

On July 21, 2017, Plaintiff approached Cross about an unrelated matter. Cross then mentioned what had happened on July 18, and Plaintiff responded that Morris had refused to talk to him about being denied use of the bathroom on July 18, 2017. Shortly afterward, Cross charged Plaintiff with threatening behavior. Plaintiff was handcuffed and taken to "the hole."

Defendant Gordon allegedly reviewed the misconduct ticket without investigating the allegations, and he failed to list Corrections Officer Horton as a witness. Defendant Jole Salinas was the hearing investigator, but according to Plaintiff, Salinas also failed to investigate the allegations, and he changed a critical

date from July 20, 2017, to July 21, 2017. On August 1, 2017, a hearings officer found Plaintiff guilty of the misconduct charge.

On September 13, 2017, Plaintiff learned that Dr. Tolsma had decided he was not eligible for assistance from the prison's legal writer program. On September 19, 2017, case manager Kaszei denied Plaintiff access to the legal writer program and determined that Plaintiff should be referred to a mental health facility. As a result of Kaszei's referral, Plaintiff was transferred to the Woodland Correctional Facility, which is a mental health hospital for state prisoners. Plaintiff subsequently was transferred to his present location where Dr. Clark, case manager Taylor, and former librarian Gayle Leach also deprived Plaintiff of assistance from the legal writer program.

Plaintiff now claims that Cross falsely charged him with misconduct in retaliation for the grievance that Plaintiff filed against Cross. Plaintiff also claims that the other defendants conspired with Cross and retaliated against Plaintiff, in part, because Plaintiff is black and suffers from mental illness. Plaintiff contends that, because he was denied the assistance of a legal writer, he was prevented from pursuing judicial review of his grievance in state court. His other injuries include having his television confiscated while he was confined in segregation, losing sixty days of disciplinary credits or "good time" days, and having the Parole Board

continue his incarceration for three years. Plaintiff seeks money damages from the defendants in their individual capacities.

## II. Discussion

The Court has granted Plaintiff permission to proceed without prepaying the fees and costs for this action. Federal district courts must screen an indigent prisoner's complaint and dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; 42 U.S.C. § 1997e(c)(1); *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible

4

on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

As noted above, Plaintiff brings his lawsuit in part under Title II of the ADA, and he sues the defendants in their individual capacities for money damages. Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

> The term "public entity" means--
> **(A)** any State or local government;
> **(B)** any department, agency, special purpose district, or other instrumentality of a State or States or local government; and
> **(C)** the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49).

42 U.S.C. § 12131(1).

In this circuit, "the proper defendant under a Title II claim is the public entity or an official acting in his official capacity." *Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009) (citing *Carten v. Kent State Univ.,* 282 F.3d 391, 396–97 (6th Cir. 2002)). "Title II of the ADA does not . . . provide for suit against a public official acting in his individual capacity." *Id.*; *accord Williams v. McLemore*, 247 F. App'x

1, 8 (6th Cir. 2007) (agreeing with the defendants "that the ADA does not provide for personal liability for defendants sued in their individual capacities" and noting that the Sixth Circuit has "held repeatedly that the ADA does not permit public employees or supervisors to be sued in their individual capacities"); *Moore v. Chavez*, 36 F. App'x 169, 171 (6th Cir. 2002) ("Title II of the ADA does not provide for individual capacity suits against state officials."); *Tanney v. Boles*, 400 F. Supp. 2d 1027, 1044 (E.D. Mich. 2005) (dismissing the plaintiff's individual-capacity claims because the ADA does not allow suits against government officials in their individual capacity). As the only defendants in this case are state officials sued in their individual capacities, the Court summarily dismisses Plaintiff's ADA claim.

Dated : August 15, 2019
s/Denise Page Hood
DENISE PAGE HOOD
CHIEF JUDGE, UNITED STATES
DISTRICT COURT