UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS HARDEN,

    Plaintiff,

v.

CROSS, et al.,

    Defendants.

_____/

Civil Action No. 19-11753
Honorable Denise Page Hood
Magistrate Judge David R. Grand

## ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT DEFENDANT CLARK'S MOTION FOR SUMMARY JUDGMENT [ECF No. 16]

### I. INTRODUCTION

*Pro se* Plaintiff filed this 42 U.S.C. § 1983 lawsuit against multiple defendants, alleging violations of his First and Fourteenth Amendment rights. This matter comes before the Court on Magistrate Judge David R. Grand's Report and Recommendation dated July 10, 2020 (the "R&R") [ECF No. 46] related to the Motion for Summary Judgment filed by Defendant Melanie Clark, M.D. In the Reports and Recommendation, the Magistrate Judge recommends that the Court grant Dr. Clark's Motion for Summary Judgment. Plaintiff has filed objections to the R&R.

### II. ANALYSIS

The Court has had an opportunity to review this matter and finds that the

Magistrate Judge reached the correct conclusions for the proper reasons in the R&R. The Court has reviewed Plaintiff's objections to the R&R and comes to the following conclusions.

1. *Plaintiff's Timeliness of Step III Appeal*

Plaintiff contends that the Magistrate Judge erred in finding that Plaintiff did not timely file his Step III appeal. Plaintiff asserts that he filed his Step III appeal without a response to his Step II appeal by Defendants "within the 10 business days" required. He directs the Court to pages 1 to 3 of his Statement of Facts in his response to Dr. Clark's Motion for Summary Judgment. *See* ECF 22, PageID 279-81 (citing ECF 16, PageID 96, 100). A review of those pages, however, reveals only that Plaintiff represents that he filed his Step III appeal twice, once without a Step II response (with no indication of when it was filed), and a second one on or about April 6, 2019, within 10 days of receiving the Step II response on or about April 3, 2019. There is no evidence that Plaintiff filed a Step III appeal within 10 business days of the date Defendants response to the Step II appeal was due, as required under MDOC policy. The Court concludes this objection lacks merit.

2. *MDOC Timeliness/Dr. Clark's Increase of Plaintiff's Medication*

Plaintiff first contests that the MDOC (Defendants) was twice untimely in responding to his grievance/appeal. But, whether the MDOC/Defendants filed a

2

timely response to Plaintiff's grievance/appeal is irrelevant because MDOC policy sets forth Plaintiff's rights and obligations if the MDOC does not file a timely response. Specifically, pursuant to MDOC policy, Plaintiff was required to file his appeal at the next step within 10 business days of when the MDOC's response was due. For that reason, Plaintiff cannot benefit from any failure by the MDOC to respond to his grievance/appeal.

Plaintiff next claims that Dr. Clark "increased my medication, without cause, to stop my normal function." Plaintiff's objection does not offer any greater explanation about what he means by that claim. The Magistrate Judge noted this complaint by Plaintiff in two footnotes in the R&R, as follows:

> [1] In his complaint, Harden also alleges that he was "paneled" by Dr. Clark, which resulted in his medication being increased without his consent. (ECF No. 1, PageID.12.) Harden filed a grievance against Dr. Clark for this action (MRF-17-11-1682-12B) ("Grievance 1682"), but it does not relate to the issues in this case. Regardless, this grievance was not fully exhausted, as discussed in greater detail. See infra at 5 n. 3.

ECF No. 46, PageID 523.

> [3] As mentioned previously, there was an additional grievance filed by Harden against Clark, Grievance 1682. See supra at 2 n. 1. Grievance 1682 is not at issue in this case and was not properly exhausted in any event. In Grievance 1682, Harden asserts that after he was transferred to MRF on November 23, 2017, he started working with Dr. Clark who increased his meds without cause or consent. (Id., PageID.280; ECF 16-1, PageID.105.) Harden does not raise this issue as a claim in his complaint. Moreover, Harden's Step III appeal for Grievance 1682 was rejected as untimely, and Harden does not challenge that determination.

(Id.)

ECF No. 46, PageID 526.

### 3. *Office of Legal Affairs Correspondence*

Plaintiff contends that the Magistrate Judge was wrong in finding that he did not file a timely Step III grievance, and identifies the Office of Legal Affairs correspondence discussed by the Magistrate Judge in the Report and Recommendation. ECF No. 46, PageID.527 (footnote 5). Plaintiff's objection again fails to explain how the Magistrate Judge incorrectly concluded that his Step III grievance was untimely when Plaintiff did not file a Step III appeal on or about April 6, 2018.

For the reasons stated, the Court denies Plaintiff's objections to the R&R.

### III. CONCLUSION

Finding no error in the Magistrate Judge's July 10, 2020 Report and Recommendation, the Court adopts the Report and Recommendation [ECF No. 46] in its entirety.

For the reasons stated above,

**IT IS ORDERED** that the Report and Recommendation dated July 10, 2020 [ECF No. 46] is **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that the objections to the July 10, 2020 Report

and Recommendation filed by Plaintiff [ECF No. 48, filed July 22, 2020] are **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by Defendant Melanie Clark, M.D. [ECF No. 16, filed February 4, 2020] is **GRANTED**.

IT IS ORDERED.

                                                      s/Denise Page Hood
DATED: October 28, 2022              DENISE PAGE HOOD
                                                      United States District Judge