UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS HARDEN,

               Plaintiff,         Civil Action No. 19-11753

v.                                      Denise Page Hood
                                        United States District Judge

CROSS, *et al.*,                     David R. Grand
                                         United States Magistrate Judge

               Defendants.
_____/

**REPORT AND RECOMMENDATION TO
DISMISS PLAINTIFF'S COMPLAINT AS AGAINST
GAYLE LEACH FOR FAILURE TO PROSECUTE**

**I.    REPORT**

On June 12, 2019, *pro se* plaintiff Travis Harden ("Harden") filed his civil rights complaint in this case, pursuant to 42 U.S.C. § 1983, against numerous defendants. (ECF No. 1). On December 4, 2019, this case was referred to the undersigned for all pretrial purposes pursuant to 28 U.S.C. § 636(b). (ECF No. 12).

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought and give each defendant notice of the action by serving on him or her a summons and copy of the complaint. Fed. R. Civ. P. 4. Where, as here, a plaintiff is proceeding without having to prepay the filing fee, the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal, who must effectuate service on the defendants once the plaintiff has properly identified them in the

complaint.  28 U.S.C. § 1915.

All but one of the named defendants in this case were successfully served with process in 2020; however, defendant Gayle Leach was not.  Therefore, on October 25, 2022, the Court issued an order directing the Michigan Department of Corrections ("MDOC") to provide the United States Marshal with Ms. Leach's last known address, so that service could once again be attempted on her.  (ECF No. 75).  On December 21, 2022, however, the documents sent to Ms. Leach at the address provided by the MDOC were returned as undeliverable.  (ECF No. 85).

Therefore, on December 27, 2022, the Court issued an order requiring Harden to show cause, on or before January 20, 2023, why this action should not be dismissed without prejudice, as against Gayle Leach.  (ECF No. 86).  To date, Harden has failed to respond to the Court's Order to Show Cause or to provide any other address at which service can be attempted on Ms. Leach.

A court may dismiss an action under Fed. R. Civ. P. 41(b) when a plaintiff fails to prosecute, comply with the Federal Rules, or comply with a court order.  In deciding whether to dismiss for these reasons, a court should consider (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the delinquent party's conduct; (3) whether the delinquent party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001).  Moreover, under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice

against that defendant or order that service be made within a specified time."

Applying these principles to the instant case, the Court finds that all four factors weigh in favor of dismissal.  First, despite the Court putting Harden on notice of the significance of the failed attempts to serve Ms. Leach, Harden has failed to respond to the Court's Order to Show Cause in any manner whatsoever.  While the Court does not presume this is the result of bad faith or willfulness, Harden is clearly at fault for failing to comply with the Court's order.  With respect to the second factor, Ms. Leach would be prejudiced by allowing this case to continue to remain pending against her, when Harden has not complied with the Court's directives or otherwise provided the Court with information about where Ms. Leach can be served.

The third and fourth factors also weigh in favor of dismissal in light of the Court's Order to Show Cause; Harden simply failed to respond to that order, which was issued weeks ago.  (ECF No. 86).  Thus, Harden has been on notice for weeks that his failure to provide an accurate address for Ms. Leach could lead to dismissal of his claims against her, yet he has not remedied this deficiency nor offered any explanation as to why he has not done so.  Moreover, given the length of time that has passed since the initiation of this lawsuit, the fact that service on Ms. Leach has been attempted multiple times, and the fact that Harden has not responded to the Court's most recent order, the Court sees no utility in imposing a sanction short of dismissal.

Thus, having considered the relevant factors, it is appropriate to dismiss this action, as against Ms. Leach, pursuant to Rules 4(m) and 41(b) due to Harden's failure to provide a sufficient address for service, as well as his failure to comply with the Court's Order to

Show Cause. Under Rule 4(m), such a dismissal should be without prejudice.

## II. RECOMMENDATION

Accordingly, the Court **RECOMMENDS** that Harden's complaint be **DISMISSED WITHOUT PREJUDICE** as against Gayle Leach.

Dated: February 2, 2023　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue

presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 2, 2023.

                                                s/Eddrey O. Butts
                                                EDDREY O. BUTTS
                                                Case Manager